IN THE UNITED STATES DISTRICT COURT,
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: _____

| | |
|---|---|
| JONATHAN W. SUPLER, an individual; on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> COLLECTO, INC., a Massachusetts Corporation, Doing Business As EOS CCA, an Unknown Fictitious Entity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, <br><br> Defendants. | **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Jonathan W. Supler ("Plaintiff" or "SUPLER"), on behalf of himself and all others similarly situated, and by way of Complaint against the Defendant, COLLECTO, INC., a Massachusetts Corporation, Doing Business As EOS CCA, an Unknown Fictitious Entity ("Defendant" or "COLLECTO") says:

## I. PRELIMINARY STATEMENT

1. Plaintiff, on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendant who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that the Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3. Such practices include, *inter alia*:

    (a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of the Defendant's identity;

    (b) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt);

    (c) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

    (d) Leaving telephonic voice messages for consumers, which make false, deceptive, or misleading representations or means in connection with the collection of any debt or to obtain information concerning a consumer.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Fourth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *United States v. Nat. Fin. Servs. Inc.*, 98 F.3d 136 (4th Cir. 1996) citing *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is

Page 3 of 16
Case 4:12-cv-00100-H   Document 1   Filed 05/25/12   Page 3 of 16

attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

8. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9. SUPLER is a natural person.

10. At all times relevant to this complaint, SUPLER was a citizen of, and resided in, the City of Raleigh, Wake County, North Carolina.

11. COLLECTO is a for-profit Corporation existing pursuant to the laws of the State of Massachusetts. COLLECTO maintains its principal business address at 700 Longwater Drive, in the Town of Norwell, Plymouth County, Massachusetts.

12. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

13. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who

personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of COLLECTO that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by COLLECTO and therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

14. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of North Carolina at the time this action is commenced.

### IV. FACTS REGARDING PLAINTIFF

16. Sometime prior to June 9, 2011, Plaintiff allegedly incurred a financial obligation ("Supler Obligation").

17. The Supler Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

18. Defendant contends that Plaintiff defaulted on the Supler Obligation.

19. The Supler Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

20. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to June 9, 2011, the creditor of the Supler Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to COLLECTO for collection.

22. COLLECTO collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

23. COLLECTO is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. Within the one year immediately preceding the filing of this complaint, COLLECTO contacted Plaintiff on multiple occasions via telephone in an attempt to collect the Supler Obligation.

25. Within the one year immediately preceding the filing of this complaint COLLECTO left multiple "pre-recorded" telephonic voice messages for Plaintiff on his home answering machine ("Messages").

26. By way of limited example, the following is a transcription of one such "pre-recorded" telephonic voice message that COLLECTO left for Plaintiff on at least the date of June 9, 2011, which is during the one year period immediately preceding the filing of this complaint:

> "This is an important message for....*Jonathan Supler*. If this is...*Jonathan Supler*...press one now. If not, press two. [music plays] If this is...*Jonathan Supler*....press one now. If not, press two. [music plays] Please have them call us back at 8-6-6-2-6-5-7-9-2-7. Again, our number is 8-6-6-2-6-5-7-9-2-7. Thank you.

Page 6 of 16
Case 4:12-cv-00100-H   Document 1   Filed 05/25/12   Page 6 of 16

Goodbye."

27. The telephone number "866-265-7927" is answered by persons who are employed by COLLECTO as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

28. Each of the Messages was left, or caused to be left, by persons employed as debt collectors by COLLECTO in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

29. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. At the time Plaintiff received the Messages, he did not know the identity of callers.

31. At the time Plaintiff received the Messages, he did not know that the caller was a debt collector.

32. At the time Plaintiff received the Messages, he did not know that the calls concerned the collection of a debt.

33. The Messages uniformly failed to identify COLLECTO by its company name as the caller.

34. The Messages uniformly failed to disclose that the communication was from a debt collector.

35. The Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

36. The Messages uniformly failed to provide meaningful identification of COLLECTO's identity as the caller.

37. The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by COLLECTO, and then provide that debt collector with personal information.

38. COLLECTO intended that the Messages have the effect of causing Plaintiff and least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

39. Scores of federal court decisions -- including the Eleventh and Fourth Circuit Courts of Appeals and Districts Courts throughout the United States of America -- uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

40. At all times relevant to this action, COLLECTO was aware of the substantial weight of legal authority requiring it to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

41. Scores of federal court decisions -- including the 11th Circuit Court of Appeals and Districts Courts throughout the United States of America -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in

telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

42. At all times relevant to this action, COLLECTO was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

43. At all times relevant to this action, COLLECTO willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

44. COLLECTO's act of leaving the Messages for Plaintiff is conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

45. COLLECTO's act of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

46. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that COLLECTO is a debt collector in a manner understandable to the least sophisticated consumer, COLLECTO has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

Page 9 of 16
Case 4:12-cv-00100-H   Document 1   Filed 05/25/12   Page 9 of 16

## V. POLICIES AND PRACTICES COMPLAINED OF

47. It is Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by, *inter alia*:

 (a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of COLLECTO's identity;

 (b) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt);

 (c) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

 (d) Leaving telephonic voice messages for consumers, which make false, deceptive, or misleading representations or means in connection with the collection of any debt or to obtain information concerning a consumer.

48. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI. CLASS ALLEGATIONS

49. This action is brought as a class action. Plaintiff brings this action on behalf of himself, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50. This claim is brought on behalf of a Plaintiff Class, consisting of a class of (a) all persons with telephone numbers in the State of North Carolina (b) for whom

COLLECTO left a telephonic voice message, in the form of the Messages, (c) that failed to identify COLLECTO by name as the caller, identify the caller as a debt collector, or state that the call was for collection purposes (d) made in connection with COLLECTO's attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

51. The identities of all class members are readily ascertainable from the records of COLLECTO.

52. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

53. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

54. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

55. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously

pursue this action.

56. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. With respect to the Plaintiff Class, the principal issues are whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the

> Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.
>
> (e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

57. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for COLLECTO, which, on information and belief, collects debts throughout the United States of America.

58. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §§1692d(6), 1692e(10), and 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

59. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

60. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

61. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

62. Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b) Placing telephone calls without providing meaningful disclosure of COLLECTO's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(d) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. § 1692e(10);

(e) Failing to disclose in its initial communication with the consumer, when that communication is oral, that COLLECTO is attempting to collect a debt

and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(f) Failing to disclose in all oral communications that COLLECTO is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII.  PRAYER FOR RELIEF

63. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing SUPLER and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(ii) An award of the maximum statutory damages for SUPLER and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(iv) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

This 25th day of May 2012.

          *s/ Peter R. Shedor*
          Peter R. Shedor, Esq.
          *Attorneys for Plaintiff*
          SHEDOR LAW FIRM, PLLC
          401 High House Road, Suite 140
          Cary, NC  27513
          E-Mail:  pete@shedorlawfirm.com
          Telephone: (919) 461-7017
          Facsimile:   (919) 461-7018
          State Bar No. 16050


          *s/ William F. Horn*
          William F. Horn, Esq.
          *Attorneys for Plaintiff*
          LAW OFFICE OF WILLIAM F. HORN
          188-01B 71st Crescent
          Fresh Meadows, NY  11365
          E-Mail:  bill@wfhlegal.com
          Telephone: (718) 785-0543
          Facsimile:  (866) 596-9003
          NY State Bar No. WH-1070